UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OSCAR NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-cr-00130-JAW-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON MOTION FOR RECONSIDERATION, MOTION TO STAY PROCEEDINGS, AND MOTION TO EXTEND TIME TO FILE OBJECTION**

Petitioner moved pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Section 2255 Motion, ECF No. 54.) After review of the Petitioner's motion and the Government's response, I recommended that the Court deny Petitioner postconviction relief. (Recommended Decision, ECF No. 72.) Petitioner now moves for reconsideration of the recommended decision, a stay of the proceedings pending a Supreme Court decision, and an extension of the deadline to file additional objections to the recommended decision. (Motion, ECF No. 73.) The Government does not oppose Petitioner's request for an extension of the deadline to file objections, takes no position on the request for a stay of these proceedings, and opposes Petitioner's other requests. (Response, ECF No. 74.)

Following a review of the record and after consideration of Petitioner's motions and the Government's response, I deny Petitioner's motion to reconsider the recommended

decision, deny Petitioner's motion to stay the proceedings, and grant Petitioner's motion to extend the deadline for an objection to the recommended decision.

## DISCUSSION

### A.     Motion to Stay

Petitioner requested a temporary stay of the proceedings until after the Supreme Court decided an appeal in a case Petitioner relied upon from the Court of Appeals for the Fourth Circuit, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).  The Supreme Court recently decided *Gary*.  *Greer v. United States*, No. 19-8709, 2021 WL 2405146, at *2–3, 6–7 (U.S. June 14, 2021).  Because the Supreme Court has decided the case that Petitioner argued should be resolved before his motion is considered, Petitioner's request for a temporary stay is moot.

### B.     Motion to Reconsider

The granting of a motion for reconsideration of a final judgment is "an extraordinary remedy which should be used sparingly."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).  To prevail on a motion for reconsideration of a final order, a party must demonstrate (1) the existence of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.  *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015).  Nonfinal orders remain open pending final judgment, so the Court has wide discretion to revisit prior interlocutory rulings.  *Geffon v. Micrion Corp.*, 249 F.3d 29, 38 (1st Cir. 2001); *Mumme v. U.S. Dep't of Labor*, 150 F. Supp. 2d 162, 165 (D. Me. 2001).

A motion to reconsider is proper if the Court "misapprehended some material fact or point of law," but is "not a promising vehicle" for "rearguing theories previously advanced and rejected," *Palmer*, 465 F.3d at 30, or for "advance[ing] arguments that could and should have been presented to the district court prior to its original ruling." *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011).

Petitioner has not cited any new authority, nor has he identified a misapprehension of fact or law. Petitioner, therefore, has failed to establish a basis for reconsideration.

**C.   Motion to Extend Time to Object**

Petitioner asks the Court to "toll the (14) days to file objections" to the recommended decision because an address change caused a significant delay between the time the clerk sent Petitioner a copy of the recommended decision and the time Petitioner received it at his new address. Although Petitioner filed the instant motion and general objection to the recommended decision after the deadline to file objections, the Court will accept Petitioner's motion as an objection to the recommended decision and will establish a deadline for Petitioner to supplement the objection.

## CONCLUSION

Based on the foregoing analysis, I deny Petitioner's motion to reconsider the recommended decision, I deny Petitioner's motion to stay the proceedings, and I grant Petitioner's motion to extend the deadline for an objection to the recommended decision. In addition, Petitioner's motion is accepted as an objection to the recommended decision.

If Petitioner intends to supplement his objection, Petitioner shall file the supplemental objection on or before July 7, 2021.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of June, 2021.

---

[1] Petitioner alternatively asked the Court to construe his motion as a notice of appeal if it denies his other requests. (Motion at 1–3.) Because I have extended the deadline for Petitioner to object to the recommended decision, Petitioner's alternative request for relief is moot.

4